UNITED  STATES  DISTRICT  COURT

EASTERN DISTRICT OF CALIFORNIA


THOMAS PORTER,                ) 1:11-cv—01854-SKO-HC
                                   )
               Petitioner,   ) ORDER DISMISSING PETITION FOR
                                   ) FAILURE TO STATE A COGNIZABLE
                                   ) CLAIM (DOC. 1)
     v.                              )
                                   ) ORDER DECLINING TO ISSUE A
JAMES D. HARTLEY, Warden,   ) CERTIFICATE OF APPEALABILITY
                                   ) AND DIRECTING THE CLERK TO CLOSE
              Respondent.  ) THE CASE
                                   )
_____)


     Petitioner is a state prisoner proceeding pro se and in
forma pauperis with a petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),
Petitioner has consented to the jurisdiction of the United States
Magistrate Judge to conduct all further proceedings in the case,
including the entry of final judgment, by manifesting consent in
a signed writing filed by Petitioner on November 14, 2011 (doc.
11).  Pending before the Court is the petition, which was filed
on November 7, 2011.

     I.  <u>Screening the Petition</u>

     Rule 4 of the Rules Governing § 2254 Cases in the United

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.  Background

Petitioner alleges that he is an inmate of the Avenal State Prison (ASP) serving a sentence of fifteen years to life imposed by the Kern County Superior Court pursuant to his conviction of

2

second degree murder on August 2, 1989. Petitioner challenges the decisions of California state courts upholding the decision of the governor of California to reverse a grant of parole after a hearing held before California's Board of Parole Hearings (BPH) on November 3, 2009. Petitioner raises the following claims: 1) the decision violated due process rights because it was not supported by any evidence; 2) the decision was made in violation of the minimal procedural protections guaranteed by the Due Process Clause because Petitioner was not permitted to be present or to have an opportunity to be heard by the governor; 3) the decision was arbitrary and unconstitutionally predetermined in violation of the Fourteenth's Amendment Due Process Clause because it was unsupported by any evidence, based on mere disagreement, and issued from a governor who reversed seventy-three (73) per cent of the BPH's grants of parole; 4) pursuant to California statutory law and federal constitutional law, the decision to grant parole is final 120 days after the BPH makes its decision, and the governor is not authorized to review the decision without holding a new hearing. (Pet. 3-4, 10-13.)

Petitioner alleges that all his procedural protections were adhered to by the BPH in all the proceedings before it. (Pet. 10:17-19.) Petitioner quotes part of a statement of reasons for the BPH's decision to grant parole which states that the BPH found "no other factors to preclude" Petitioner's suitability. (Id. at 10:20-21.) The reasonable conclusion to be drawn from Petitioner's allegations is that Petitioner had access to his records before the hearing, attended the hearing before the BPH and had an opportunity to be heard, and received a statement of

reasons for the decision on parole.  Petitioner further alleged
that on April 2, 2010, the governor sent Petitioner a letter in
which the governor stated that he had invoked his authority to
reverse the BPH's grant of parole after considering the same
factors as the BPH considered.  (Id. at 11:1-6.)  It thus appears
that Petitioner received a statement of reasons for the
governor's decision.

III.   Failure to Allege a Claim Cognizable on Habeas Corpus

Because the petition was filed after April 24, 1996, the
effective date of the Antiterrorism and Effective Death Penalty
Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh
v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008
(1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of
habeas corpus by a person in custody pursuant to the judgment of
a state court only on the ground that the custody is in violation
of the Constitution, laws, or treaties of the United States. 28
U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,
375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13,
16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the
decision of the Court of Appeals for the Ninth Circuit that
California law creates a liberty interest in parole protected by
the Fourteenth Amendment Due Process Clause, which in turn
requires fair procedures with respect to the liberty interest.
Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination
are the minimal requirements set forth in Greenholtz v. Inmates

4

of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1]

Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court

rejected inmates' claims that they were denied a liberty interest

because there was an absence of "some evidence" to support the

decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution
> to be conditionally released before the expiration of
> a valid sentence, and the States are under no duty
> to offer parole to their prisoners.  (Citation omitted.)
> When, however, a State creates a liberty interest,
> the Due Process Clause requires fair procedures for its
> vindication–and federal courts will review the
> application of those constitutionally required procedures.
> In the context of parole, we have held that the procedures
> required are minimal.  In Greenholtz, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.
> (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the

petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....
>
> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16.  The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16.  The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9.  Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13.  In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

1   [the petitioners] received due process.
2   Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly
3   noted that California's "some evidence" rule is not a substantive
4   federal requirement, and correct application of California's
5   "some evidence" standard is not required by the federal Due
6   Process Clause.  Id. at 862-63.

7              A.   Absence of Evidence to Support the Decision

8        Petitioner's allegation that the parole decision of the
9   governor violated due process because it was not supported by
10  some evidence, asks this Court to engage in the very type of
11  analysis foreclosed by Swarthout.  Petitioner does not state
12  facts that point to a real possibility of constitutional error or
13  that otherwise would entitle Petitioner to habeas relief because
14  California's "some evidence" requirement is not a substantive
15  federal requirement.  Review of the record for "some evidence" to
16  support the denial of parole is not within the scope of this
17  Court's habeas review under 28 U.S.C. § 2254.  Thus, Petitioner
18  fails to state a due process claim concerning some evidence that
19  is cognizable in this proceeding.

20       A petition for habeas corpus should not be dismissed without
21  leave to amend unless it appears that no tenable claim for relief
22  can be pleaded were such leave granted.  Jarvis v. Nelson, 440
23  F.2d 13, 14 (9th Cir. 1971).

24       Because Petitioner has admitted that he received all process
25  that was due, granting leave to Petitioner to amend this claim
26  would be futile.  The Court concludes that this claim should be
27  dismissed without leave to amend.
28  ///

1        B.   <u>Hearing before the Governor</u>

2        Petitioner's claim of alleged due process violation

3   resulting from Petitioner's inability to attend a hearing before

4   the governor and to be heard by the governor at such a hearing is

5   likewise foreclosed by <u>Swarthout v. Cooke</u>.   The Due Process

6   Clause does not require that the governor hold a second

7   suitability hearing before reversing a parole decision.

8        In <u>Swarthout v. Cooke</u>, one of the petitioners had been found

9   unsuitable for parole by the governor, but the Court implicitly

10  rejected a distinction between the BPH's decision and a

11  governor's reversal of a decision by the BPH to grant parole.

12  This circuit has recognized that in <u>Swarthout v. Cooke</u>, the

13  Supreme Court held that even though no separate hearing was held

14  before the governor, the inmate's due process rights had been

15  satisfied because he was afforded access to his records in

16  advance of the hearing before the BPH, was allowed to speak at

17  his parole hearing and to contest the evidence against him, and

18  he was notified as to the reasons why parole was denied.   <u>Styre</u>

19  <u>v. Adams</u>, 645 F.3d 1106, 1108-09 (9th Cir. 2011) (citing

20  <u>Swarthout v. Cooke</u>, 131 S.Ct. at 861).

21       Here, Petitioner admits that he received all necessary

22  procedural protections at the proceedings before the BPH.   No

23  further procedural protections were due with respect to the

24  governor's review.   Accordingly, Petitioner has failed to state a

25  due process claim that is cognizable in this proceeding.

26       In light of Petitioner admission that he received all

27  procedural protections due under the Due Process Clause of the

28  Fourteenth Amendment, granting leave to amend this claim would be

7

futile.  The Court thus concludes that this claim should be dismissed without leave to amend.

### C.  Arbitrary, Predetermined Decision

Petitioner appears to complain of bias, reasoning that a decision unsupported by evidence is arbitrary or based on improper factors.

Petitioner's allegation that the governor's decision was a violation of due process because it was not supported by some evidence is similarly foreclosed by Swarthout v. Cooke, which clearly establishes that the application of the state's "some evidence" standard is not cognizable in this proceeding.

Petitioner further contends that the decision was unconstitutionally predetermined because it issued from a governor who reversed seventy-three (73) percent of the BPH's grants of parole (pet. 16).  Petitioner, however, fails to state specific facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief on the ground of bias.

A fair trial in a fair tribunal is a basic requirement of due process.  In re Murchison, 349 U.S. 133, 136 (1955). California inmates have a due process right to parole consideration by neutral, unbiased decision makers.  O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990).  However, the mere fact that a decision maker denies relief in a given case or has denied relief in the vast majority of cases does not demonstrate bias. Stivers v. Pierce, 71 F.3d 732, 742 (9th Cir. 1995).  Unfavorable judicial rulings alone are generally insufficient to demonstrate bias unless they reflect such extreme favoritism or antagonism

1  that the exercise of fair judgment is precluded.  <u>Liteky v.</u>
2  <u>United States</u>, 510 U.S. 540, 555 (1994).

3      Further, in attempting to make out a claim of
4  unconstitutional bias, a petitioner must overcome a presumption
5  of honesty and integrity on the part of the decision-makers.
6  <u>Stivers v. Pierce</u>, 71 F.3d 732, 741 (licensing body).  The
7  petitioner must show that the adjudicator prejudged, or
8  reasonably appears to have prejudged, the issue in question.

9      Here, Petitioner has not stated any facts that would rebut
10  the presumption.  Petitioner's factual assertions do not point to
11  a real possibility of constitutional error or entitlement to
12  relief.  Petitioner's assertions concerning the likelihood of
13  relief do not present a basis for a claim of a due process
14  violation based on a biased decision maker.

15      Accordingly, the Court concludes that Petitioner's claim
16  should be dismissed without leave to amend.

17          D.   <u>Finality of the BPH's Decision</u>

18      Petitioner claims that pursuant to California statutory law
19  and federal constitutional law, the decision to grant parole is
20  final 120 days after the BPH makes its decision; thus, the
21  governor lacked the authority to review a decision of the BPH
22  without holding a new hearing.

23      To the extent that Petitioner relies on California law,
24  Petitioner's claim is not cognizable in this proceeding.  Federal
25  habeas relief is not available to retry a state issue that does
26  not rise to the level of a federal constitutional violation.
27  <u>Wilson v. Corcoran</u>, 562 U.S. — , 131 S.Ct. 13, 16 (2010); <u>Estelle</u>
28  <u>v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Alleged errors in the

9

application of state law are not cognizable in federal habeas

corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

Petitioner's contention that federal constitutional law

precludes a decision by the governor without a new hearing is

misplaced. In this circuit, it is established that even where

state law creates a liberty interest in parole, there is no

federal right to be conditionally released before the expiration

of a valid sentence. Roberts v. Hartley, 640 F.3d 1042, 1045

(9th Cir. 2011) (citing Swarthout v. Cooke, 131 S.Ct. at 861-62).

A state's misapplication of its own laws does not provide a basis

for granting a federal writ of habeas corpus. Roberts v.

Hartley, 640 F.3d at 1046.

If Petitioner is relying on federal substantive due process,

the Court notes that there is no substantive due process right

created by California's parole scheme; if the state affords the

procedural protections required by Greenholtz and Cooke, the

Constitution requires no more. Roberts v. Hartley, 640 F.3d at

1046.

Accordingly, Petitioner's fourth claim must be dismissed

without leave to amend.

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of

appealability, an appeal may not be taken to the Court of Appeals

from the final order in a habeas proceeding in which the

detention complained of arises out of process issued by a state

court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

U.S. 322, 336 (2003). A certificate of appealability may issue

only if the applicant makes a substantial showing of the denial

of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.  Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will decline to issue a certificate of appealability.

VI.   <u>Disposition</u>

Accordingly, it is ORDERED that:

1)   The petition for writ of habeas corpus is DISMISSED without leave to amend because Petitioner has failed to state a claim cognizable pursuant to 28 U.S.C. § 2254; and

2) The Court DECLINES to issue a certificate of appealability; and

3)   The Clerk is DIRECTED to close the action because this order terminates the proceeding in its entirety.

IT IS SO ORDERED.

**Dated:    December 12, 2011                /s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE